UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CORRY J. WYSINGER, #228616,

        Plaintiff,

                                    CASE NO. 09-CV-10097
v.                                     HONORABLE ANNA DIGGS TAYLOR

MICHIGAN DEPT. OF CORRECTIONS,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

Before the Court is Plaintiff Corry Wysinger's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. The only named defendant is the Michigan Department of Corrections ("MDOC"). In his complaint, Plaintiff alleges that "RN Nixon clearly denied me any medical attention [which] is clearly a denial and violation of policy." Plaintiff seeks monetary damages and the appointment of counsel. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

2:09-cv-10097-ADT-PJK   Doc # 4   Filed 02/05/09   Pg 2 of 4   Pg ID 22

monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28

U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress

against government entities, officers, and employees which it finds to be frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who

is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable

basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of

a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and

(2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v.

Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro

se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to

dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

### III.

   Plaintiff asserts that RN Nixon failed to provide him with medical care and names the

MDOC as the sole defendant in this action.[1]  It is well-established, however, that a plaintiff must

allege the personal involvement of a defendant to state a civil rights claim under § 1983.  *See Monell

v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon

a theory of *respondeat superior*); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Taylor v.

---

[1]The Court notes that Plaintiff has a separate case pending in this Court in which he names RN Nixon as a defendant and alleges a denial of medical care.  *See* Case No. 08-CV-14386.  RN Nixon is not named as a defendant in this case and it is unclear whether Plaintiff's complaint against the MDOC derives from the same facts.  In any event, the Court makes no determination as to the merits of any pending claims against RN Nixon.

*Michigan Dept. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not done so with respect to the MDOC.  He does not allege facts which show any improper action or inaction on the part of the MDOC with respect to his medical care.  Conclusory allegations are insufficient to state a civil rights claim under § 1983 – some factual basis for the claims must be set forth in the pleadings.  *See Jackson v. Madery*, 158 Fed. Appx. 656, 659 (6th Cir. 2005); *Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996); *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  Plaintiff has not done so.  He has thus failed to state a claim upon which relief may be granted against the MDOC under § 1983 and his complaint must be dismissed.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint.  Given this determination, the Court also denies his request for counsel.  Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    **IT IS SO ORDERED.**


DATED:  February 5, 2009                   **s/Anna Diggs Taylor**
                                            ANNA DIGGS TAYLOR
                                            UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

       The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on February 5, 2009.

Corry Wysinger, #228616
Gus Harrison Correctional Facility
2727 E Beecher St
Adrian MI 49221

                                   s/Johnetta M. Curry-Williams
                                   Case Manager